No. A-CV-30-80

COURT OF APPEALS OF THE NAVAJO NATION

September 30, 1983

FOUR CORNERS AUTO SALES, INC.,

and

BARCLAY'S AMERICAN FINANCIAL, Appellants,

vs.

DOO S. BEGAY, Respondent.

Appeal heard May 9, 1983 before Chief Justice Nelson J. McCabe and Associate Justices Robert B. Walters and Tom Tso.

F.D. Moeller, Esquire, of Farmington, New Mexico appearing for the appellants, and Donna C. Chavez, Esquire, Window Rock, Navajo Nation (Arizona) appearing for the respondent.

A-CV-33-81

WESTERN BANK, Appellant,

vs.

LESTER KING, Appellee.

Appeal heard May 9, 1983 before Chief Justice Nelson J. McCabe and Associate Justices Robert B. Walters and Tom Tso.

F. D. Moeller, Esquire, of Farmington, New Mexico appearing for the appellant, and Damon L. Weems, Esquire, of Farmington, New Mexico.

OPINION BY THE COURT

These two appeals have been consolidated for the purposes of a common opinion and joint disposition, since the legal issues raised in both appeals are identical.

## THE PROCEDURAL QUESTION BEFORE THE COURT

The complaint in the Four Corners and Barclay's case was answered not with an answer but a counterclaim. On October 21, 1982 the District Court granted a judgment and recited as a ground for it the failure to file a reply to the counterclaim. On November 1, 1982 the court entered its default judgment against Barclay's for its failure to answer the counterclaim. Finally, on November 8, 1982 the court amended its final order to add the plaintiffs' failure to answer interrogatories as a ground for the granting of a default judgment.

In the Western Bank case the Shiprock District Court entered a judgment in favor of the defendant on July 10, 1981, and gave as its reason the failure to file a reply to the defendant's counterclaim. The appeal in that case not only attacks the entry of judgment for failure to reply to the counterclaim, but there is a claim that the damages were speculative.

## REPLIES TO COUNTERCLAIMS

Both the Chinle and Shiprock courts committed error in granting default judgments for failure to file a reply to the counterclaims which were raised in these answers. The Crownpoint District Court has already held that there is "no requirement that an answer be filed to any counterclaims..." General Electric Credit Corporation v. Vandever, 1 Navajo R. 352 (Crownpoint District 1978). Therefore these judgments must be reversed because the general expectation of the bench and bar has been that no replies to counterclaims are necessary.

The question of whether or not there should be replies to counterclaims or other affirmative new matters raised in answers in a matter which this opinion should deal with. With respect to counterclaims the general rule is that "Ordinarily a reply must be made to a setoff or counterclaim....or the allegations thereof are taken as true. Under a statute providing that any new matter in the answer constituting a counterclaim must be demmed controverted by the opposite party, no reply to an answer containing a counterclaim is necessary." 20 Am.Jur. 2d, Counterclaim, Recoupment, Etc. Sec. 148. Given a question which is unanswered by our rules and which gives this court an opportunity to make pleading policy, there is a choice between requiring a written reply to a counterclaim or not requiring one, leaving the matter to be tried on an assumption it is denied.

The modern trend in court pleading is to keep the pleadings few and simple. However the philosophy of pleading which we adopt is that the purpose of pleadings is to give everyone notice of the claims upon which they rely and the basic facts supporting those claims so that the parties and the court will know exactly what is in dispute. This means that if there is a claim, it should be stated and the party making the claim should know the position of the opposite party upon it. This also means where there is a counterclaim, the claimant and the judge is entitled to know whether it is admitted, denied or a mix of those positions. Therefore there should normally be a complaint and an answer. If the answer raises a counterclaim or a special defense which raises new facts or matters which clearly call for a reply, then there should be a reply. (Not all special defenses should be replied to, and the courts are cautioned to not permit defaults for failure to reply to a

special defense unless there are new facts raised or the defense clearly calls for a reply).

We do not want to go to the Old English practice of having pleadings go on and on. We do not want to boast, as did Baron Parke (an early English judge) that of the twelve volumes of case reports on his court, nine volumes were of cases dismissed on the pleadings alone. We simply require that all the claims and defenses of the parties be fully developed through appropriate replies when new matters are raised.

The rule we announce in this opinion will be prospective only, and it will apply only to cases arising with this problem after the date of this opinion.

## HEARING IN DAMAGES

Unless the damages in a case can be clearly established through simple documentary evidence supplied with a motion, a court should not enter judgment the purpose of pleadings is to give everyone notice of the claims upon which they rely and the basic facts supporting those claims so that the parties and the court will know exactly what is in dispute. This means that if there is a claim, it should be stated and the party making the claim should know the position of the opposite party upon it. This also means where there is a counterclaim, the claimant and the judge is entitled to know whether it is admitted, denied or a mix of those positions. Therefore there should normally be a complaint and an answer. If the answer raises a counterclaim or a special defense which raises new facts or matters which clearly call for a reply, then there should be a reply. (Not all special defenses should be replied to, and the courts are cautioned to not permit defaults for failure to reply to a special defese unless there are new facts raised or the defense clearly calls for a reply).

We do not want to go to the old English practice of having pleadings go on and on. We do not want to boast, as did Baron Parke (an early English judge), that of the twelve volumes of case reported on his court, nine volumes were of cases dismissed on the pleadings alone. We simply require that all the claims and defenses of the parties be fully developed through appropriate replies when new matters are raised.

The rule we announce in this opinion will be prospective only, and it will apply only to cases arising with this problem after the date of this opinion.

## HEARING IN DAMAGES

Unless the damages in a case can be clearly established through simple documentary evidence supplied with a motion, a court should not enter judgment without a hearing in damages. This very simply is a hearing at which the party asking for relief proves his exact damages to the court. If damages can be computed by reference to an authenticated document, then no hearing is necessary. But if testimony is required to show the amount of damages, then there should be a hearing, and the judgment should recite the fact of a hearing and make findings on the nature and amount of damages.

A hearing in damages should be simple, and the procedure for proving damages is not difficult. <u>See</u>, <u>Deal</u> v. <u>Blatchford</u>, 3 Navajo R. 159 (Ct. App. 1983).

## DEFAULT FOR FAILURE TO ANSWER INTERROGATORIES

Our discovery rule does not, as do the discovery rules of the Federal courts, have a specific provision for the entry of a judgment against the party who fails to comply with discovery procedures or orders. Our rule states that "Upon refusal of discovery by any counsel, the party seeking discovery may apply by motion to the court for an order compelling such discovery." R. 19, Rules of Civil Procedure.

The trial courts <u>do</u> have the authority to grant a judgment against a party for a failure to comply with discovery, and this is one of the inherent discretionary powers all courts have. However that is a remedy to be used infrequently to address flagrant abuses and gross negligence on the part of counsel, and normally the conduct of counsel should not effect decisons on the merits of the case. The better practice is for the court to first hear a motion to compel discovery and grant it, and then enter a judgment only if the party flagrantly refused to obey the order after notice of it.

## DISPOSITION

The Four Corners case the judgment in it is hereby reversed and it is remanded to the Chinle District Court with the appellants to file an answer to the counterclaim with fifteen days of the date of this order. The appellants are also given fifteen days to answer the interrogatories on file. A pretrial conference will be conducted before the court within fifteen days of the date of this order.

The Western Bank case is remanded to the Shiprock District Court, and the judgment in that case reversed. The appellant will file a reply to the counterclaim within fifteen days of the date of this order, and a pre-trial conference will be held within fifteen days of the date of this order.